**KANSAS HOSPITAL ASSOCIATION, Bethany Medical Center, Asbury–Salina Regional Medical Center, and Stormont–Vail Regional Medical Center, and Inez Williams and Vanessa Brewer, individually and on behalf of all similarly situated persons, Plaintiffs,**

v.

**Donna L. WHITEMAN, in her official capacity as Secretary of the Kansas Department of Social and Rehabilitation Services, Defendant.**

Civil Action No. 93–4217–DES.

United States District Court,
D. Kansas.

May 10, 1996.

Charles R. Hay and Wayne T. Stratton, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for plaintiffs.

Carol L. Boorady, Legal Services of Wichita, Wichita, KS, Stephen M. Kirschbaum, Jane K. Swanson, Wyandotte–Leavenworth Legal Services, Kansas City, KS, for Inez Williams and Vanessa L. Brewer.

Reid Stacey, Social & Rehabilitation Services, Topeka, KS, Vickie J. Larson, S. William Livingston, Jr., Covington & Burling, Washington, DC, Bruce A. Roby, Kansas Department of SRS, Topeka, KS, for Kansas Department of Social and Rehabilitation Services, Donna L. Whiteman.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

The defendants have moved to dismiss this case claiming there is no longer a case or controversy (Doc. 134). The plaintiffs do not oppose the motion (Doc. 135). However, the plaintiffs request the court to take the defendant's motion under advisement until the court has ruled on the plaintiffs' motion for the court's approval of a notice to class members of the proposed disposition of the case (Doc. 136). Both the defendant and plaintiff have submitted proposed notice language (Docs. 134 and 136).

In response to plaintiffs' motion, the defendants agrees there should be notice to members of the class, however, the defendant contends the plaintiff should incur the costs of the notice. (Doc. 140). The defendant further moves the court to approve the format of the notice attached to defendant's response and requests that notice be sent only to Medicaid beneficiaries eligible in June 1996.

### I. BACKGROUND

This case began in 1993 when the Kansas Department of Rehabilitation Services ("SRS") attempted to raise the inpatient hospital copayment of Medicaid recipients in Kansas from $25 to $325. A class action suit followed opposing the proposed increase and on May 25, 1995, SRS reversed its position and modified the copayment to $48.

### II. DISCUSSION

#### A. Notice must be given to class members.

Fed.R.Civ.P. 23(e) provides: "A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

#### B. Notice should be given only to those affected.

The court agrees with SRS that since the plaintiffs are asking for prospective injunctive relief, the members who would be affected by such relief are a fluid class. Ergo, the only persons who would be affected by a future injunction are persons eligible for Medicaid at the time of the injunction and persons who qualified for Medicaid thereafter.

Moreover, federal law exempts some groups from the copayment.[1] So as to avoid excess costs, the class notice then should be directed only to Medicaid beneficiaries eligible in a future month. It should not go to persons who formerly were eligible for Medicaid but are not currently eligible and it should not be sent to Medicaid beneficiaries who are exempt from copayments.

#### C. Distribute via mail and use the "stuffer" method.

SRS contracts with EDS Corporation ("EDS") to be its Medicaid Management Information System contractor. During the last week of every month, EDS mails medical cards to all eligible Kansas Medicaid beneficiaries.

EDS can include "stuffers" with the medical cards. These stuffers are actually cards that are included in the same envelope as the medical cards. SRS used stuffers to notify Medicaid beneficiaries about the copayment increase and later about the decrease. The plaintiffs agree that the monthly mailings to Medicaid recipients is an appropriate method

---

1. *See* 42 U.S.C. § 1396o(a)(2)(A)–(E). Exempted groups include children and residents of nursing facilities.

of notice. Also, notice via the mail is an accepted form of notification. *See Zimmer Paper Products, Inc. v. Berger & Montague,* 758 F.2d 86, 90 (1985) (wherein the court notes that it has become common practice to send notice by first-class mail). Therefore, the court finds that the notice should be in the form of stuffers included as part of the monthly mailings sent to Medicaid recipients.

### D. Use the notice language provided by SRS.

Both SRS and plaintiffs have submitted proposed notice language. The two proposals are quite similar in content and both reasonably set forth the history and proposed resolution of this litigation. The court finds that the language in the SRS notice is preferable because it is already formatted to fit onto a stuffer card and it is marginally more precise in its clarity.

### E. SRS must pay for production, insertion and dissemination of the notice.

Under Fed.R.Civ.P. 23(e) a class action case may not be dismissed or compromised without notice being given to all members of the class "in such manner as the court directs." The language of Rule 23(e) gives the court considerable leeway in determining how notice should be handled. There also is precedent for ordering the defendant to pay the costs of the notice. *See Hartman v. Wick,* 678 F.Supp. 312, 329 (D.D.C.1988); *See also Six Mexican Workers v. Arizona Citrus Growers,* 641 F.Supp. 259, 264 (D.Ariz.1986).

■ The defendant contends that *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) makes it impermissible for a court to order the defendant to bear the cost of notice to the members of a plaintiff class. This court disagrees with defendant. The general rule is "the representative plaintiff should bear all costs relating to the sending of notice because it is he who seeks to maintain the suit as a class action." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 359, 98 S.Ct. 2380, 2393, 57 L.Ed.2d 253 (1978). *Oppenheimer* concerned notice to class members under Fed.R.Civ.P. 23(c)(2) which requires that notice be sent to all class members upon commencement of an action. In *Oppenheimer,* the Supreme Court held that the defendant did have to bear the costs of the notice despite the general rule. *Id.* at 359, 98 S.Ct. at 2393.

■ While *Oppenheimer* addressed noticed at the beginning stage of litigation, the Supreme Court's reasoning is applicable to the instant case. "Where a defendant can perform one of the tasks necessary to send notice . . . more efficiently than the representative plaintiff, the district court has discretion to order him to perform the task . . . [and] the district court also has some discretion in allocating the cost of complying with its order." *Id.* at 350, 98 S.Ct. at 2389.

■ In the instant case, SRS can easily identify the appropriate beneficiaries and already has the system in place (the contract with EDS) to efficiently distribute the notice. Furthermore, SRS has proven the reliability of this distribution system, having already used it to notify Medicaid recipients of the increase and then decrease in the copayments.

Once the decision has been made as to which party must provide notice, then the question becomes who pays for that notice. "[T]he district court must exercise its discretion in deciding whether to leave the cost of complying with its order where it falls, on the defendant, or place it on the party that benefits, the representative plaintiff." *Id.* at 358, 98 S.Ct. at 2393.

> Thus, where defendants have been directed to enclose class notices in their own periodic mailings and the additional expense has not been substantial, representative plaintiffs have not been required to reimburse the defendants for envelopes or postage.

*Id.* at 359 n. 28, 98 S.Ct. at 2393 n. 28. Given that SRS mails Medicaid cards each month to all the members of the plaintiff class, the cost of the envelopes and postage should not be attributed to the plaintiffs.

In deciding who will pay for additional costs of notice, the critical test is "whether the expense is substantial." *Id.*

[I]n some instances, the expense involved may be so insubstantial as not to warrant the effort required to calculate it and shift it to the representative plaintiff ... [I]n other cases it may be appropriate to leave the cost where it falls because the task ordered is one that the defendant must perform in any event in the ordinary course of its business.

*Id.* As noted, SRS mails items each month to Medicaid beneficiaries as part of its ordinary course of business. On at least two prior occasions, SRS has included stuffers in its mailings to Medicaid recipients. The court finds that to order SRS to include stuffers again would not be an undue, nor extraordinary burden.

SRS states that approximately 115,000 stuffers will be needed to effect the notice. However, SRS does not cite what the cost of producing those stuffers and inserting them into the envelopes would be. The court also notes that SRS makes no claim that its prior stuffers were exorbitantly expensive to produce.

For all the reasons set forth above, the court holds that SRS should pay for the cost of providing notice of the proposed resolution of this litigation to the members of the plaintiff class.

SRS proposes sending the stuffers in the mail at the end of May with a response deadline date of June 30, 1996. That would give plaintiff class members approximately thirty days to respond, which the court finds reasonable. If SRS requires an extension of time so as to facilitate production and dissemination of notice it may file a motion for extension.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiffs' motion for the court's approval of a notice to class members of the proposed disposition of this case (Doc. 136) is granted.

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss (Doc. 134) the case is stayed until notice has been given to members of the plaintiff class and class members have had opportunity to respond to the notice.

**IT IS FURTHER ORDERED** that SRS must pay for all associated costs of producing the notice stuffers and distributing them to members of the plaintiff class.

